AFFIRM; Opinion issued November 7, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00230-CR
No. 05-11-00231-CR
No. 05-11-00232-CR

### JACK GENE MEADOWS III, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F10-12624-R, F10-13263-R, and F10-21277-R

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

Jack Gene Meadows III was charged by separate indictments with two forgeries and theft. Appellant pleaded guilty to the charges and true to two enhancement paragraphs without a recommendation as to punishment, and the trial court assessed concurrent sentences of six years in prison for the forgeries and one year in state jail for theft. In a single issue, he contends he received ineffective assistance of counsel. We affirm.

After entering his pleas of guilty and receiving statutory admonishments, appellant testified that he has a criminal history of thefts and forgeries, all of which were committed to support his drug habit. Appellant said his legal troubles began ten years ago when he started using methamphetamine,

and "it's been a steady downhill spiral from then." Before this arrest, he used methamphetamine every day, and considered himself an addict. He said he has never been offered drug treatment. While he asked for drug treatment when he was sentenced on a 2005 case, he was told he did not qualify. When out of jail, except for attending some AA meetings, appellant never sought help for his drug problem, because he was "in the addiction." He told the court he needed help and would try "really hard" to "take advantage of a treatment program."

On cross-examination, appellant admitted he had committed forgeries across Texas and in Nevada. Appellant told the judge he had gained fifty to fifty-five pounds during the two months he had been in jail and estimated he had been arrested ten or eleven times. The trial court found "coincidental" the fact that although appellant was "supposedly using drugs every day," he never had drugs on him when he was arrested.

After hearing all of the testimony and argument, the trial court accepted appellant's pleas of guilty and true and assessed punishment at imprisonment. Appellate counsel filed a motion for new trial in which he contended trial counsel was ineffective for failing to present mitigating evidence about appellant's mental health and drug abuse issues.[1] Attached to the motion was the affidavit of appellate counsel, who stated appellant and his mother gave him the facts contained in the motion. In the motion, appellant alleged the Texas Department of Criminal Justice had extensive mental health and mental retardation records on him, indicating that, among other things, appellant had an IQ of 70. Appellant said he had previously been admitted to Green Oaks hospital for detoxification and mental health treatment and a CATS evaluation conducted prior to the sentencing hearing indicated he was qualified for rehabilitation at Wilmer Drug Rehab and Treatment Center for ninety days. Finally, the motion alleged appellant discussed his mental health problems and drug abuse with his trial counsel prior to trial. No hearing was held on the motion, which was denied by the trial

_____

[1] Appellant filed a motion for new trial in each of the cases; only two of the cases (one forgery and the theft) relied on ineffective assistance of counsel grounds and attached the affidavit. The second forgery case sought a new trial on the basis that the verdict was contrary to the law and evidence.

court.

In his sole issue, appellant contends he received ineffective assistance of counsel when counsel failed to present mitigating evidence pertaining to appellant's mental health and drug abuse issues. He relies on the evidence contained in the affidavit to support his claim.

Generally, in criminal cases, statements contained in post-trial motions, such as motions for new trial, are not self-proving. *Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009); *Lamb v. State*, 680 S.W.2d 11, 13 (Tex. Crim. App. 1984). Any allegations made in support of the motion by way of affidavit or otherwise must be offered into evidence at a hearing. *Rouse*, 300 S.W.3d at 762; *Lamb*, 680 S.W.2d at 13. This rule is based, in part, on permitting the nonmoving party an opportunity to respond to these allegations before a conviction is reversed on their basis. *Rouse*, 300 S.W.3d at 762. This rule applies to motions that implicate federal constitutional issues. *Id.*

In the affidavit accompanying the motion, appellate counsel relied on information provided to him by others instead of his own personal knowledge. Assuming the motion was not defective for this reason, our record does not show appellant requested a hearing on his motion, which the trial court denied four days after it was filed. Because the motion with accompanying affidavit was never offered into evidence at a hearing, it cannot be considered evidence for purposes of appellant's ineffective assistance of counsel complaint. *See Rouse*, 300 S.W.3d at 762 (concluding court erred in relying on allegations in post-trial motion never introduced into evidence at hearing).

Moreover, even if we consider the information contained in the motion, we cannot conclude appellant has established ineffective assistance of counsel. To obtain reversal for ineffective assistance of counsel, an appellant must prove that counsel's performance was deficient and he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish deficient performance under the first prong, a defendant must show that no reasonable trial strategy could justify counsel's conduct. *Id.* at 689. With regard to the second prong, a defendant establishes prejudice if he shows a reasonable probability–a probability sufficient to undermine confidence in

the trial's outcome–that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Appellant's trial counsel has not had an opportunity to respond to appellant's contention, so we would be speculating as to why he relied on appellant's testimony about his need for drug treatment and did not present further mitigating evidence. But even if we assumed counsel's performance was deficient, we cannot conclude the outcome of the proceeding would have been different, that is, that appellant would have received probation with drug treatment as opposed to imprisonment.

The trial court heard evidence about appellant's drug use, his drug of choice, and how long he had been an addict. In addition to this, however, the trial court also heard about appellant's extensive criminal history. By appellant's own admission, he had been arrested ten or eleven times in the past and had a history of forgeries and thefts, all of which he attributed to his drug habit. In addition to the three offenses to which appellant pleaded guilty and the six prior convictions used for enhancement purposes and to which appellant pleaded true, the record shows he had two other offenses in Nevada. Moreover, while appellant testified he had never been offered treatment by the court system, he also stated he had not sought any help on his own while he was out on the street, other than going to a couple of AA meetings. We conclude the record does not show a reasonable probability that the result of the punishment hearing would have been different but for counsel's alleged deficient performance. We overrule the sole issue.

We affirm the trial court's judgments.

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110230F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JACK GENE MEADOWS III, Appellant

No. 05-11-00230-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-12624-R).
Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 7, 2012.

_____
MOLLY FRANCIS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JACK GENE MEADOWS III, Appellant

No. 05-11-00231-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-13263-R).
Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 7, 2012.

_____
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JACK GENE MEADOWS, Appellant

No. 05-11-00232-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-21277-R).
Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 7, 2012.

_____
MOLLY FRANCIS
JUSTICE